The opinion of the Court was delivered by
Colcock, J.
The act imposed it as a duty on the sheriff to advertise all his sales in the public gazette ; (2 Faust, 147, 2 Brev. Dig. 222 ;[1]) — (a) but his failing to do so could not invalidate the sale. If any damage resulted to the defendant from his failing to comply with, the requisites of the act, the defendant would be entitled to his action for the recovery of damages ; but it certainly was never intended to impose it as a duty On a purchaser, to see that this duty was performed by the sheriff. As well might it be said, that the purchaser should inquire into all the other duties enjoined on the sheriff, before he proceeds to sell. I cannot conceive that the title of a fair purchaser, should be made to depend on such perishable testimony. If it were necessary for him to have proven a compliance with the requisites of this act, in this suit, it would be equally so in any suit which he might be compelled to bring fifty years hence. Public convenience and policy forbid such a construction of the act.
I am therefore against the motion.
*Grimice, Cheves, and Johnson, JJ., concurred,
Nora, and Gantt, .JJ., dissented.

 Soon after the determination of this case on the circuit, an Act was passed, dispensing with 'advertising in the public gazettes, property sold in Abbeville, and many of the other districts. A. A. 1812, 2 Brev. Dig. 227. [5 Stat. 674.] R.
Another Act, 1832, 6 Stat. 463, again required the use of a newspaper in Abbeville.
Eor mode of advertising and fees see State v. Becket, 3 McC. 290.
This is a leading case to show that the validity of a judicial sale is not affected by irregularity, or by an officer’s neglect of directory regulations.
See post 408, 1 Bail. 619 ; 1 Hill, 245, 304.

 5 Stat. 305, $ 2.